## In re NISSEN.

Court of Appeals of District of Columbia.

Submitted Nov. 13, 1928. Decided Dec. 3, 1928.

Petition for Rehearing Denied Dec. 15, 1928.

No. 2079.

B. G. Foster, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents affirming a decision of the examiners in chief refusing to allow any of the claims of appellant's application.

The invention relates to improvements in stockings. There are four claims, of which 1 and 4 are copied as illustrative:

"1. A full-fashioned stocking foot comprising a seamless knitted top portion having the main body of material light in weight and a short toe cap portion of material heavier in weight than the main body and constituting a seamless continuation of the light portion knitted directly thereinto, a sole of said knitted heavier material joined to the margins of the light top portion and stepped brace portions of said heavier material filling the angles between the rear edge of the cap and the adjacent side portions of the sole and knitted directly to both."

"4. A full-fashioned knitted stocking foot comprising a knitted top of material light in weight, a knitted sole of heavier material than the top, a knitted toe cap also of heavier material and having full-fashioned longitudinally disposed narrowing fingers in its side portions, the juncture between the front end of the light top portion and the rear edge of the heavier cap being on a transverse line that intersects the said narrowing fingers, and tapered reenforcing braces of heavier material than the top between the sides of the sole and the rear end of the cap at the rear ends of the narrowing fingers."

The appellant states in his application that: "In the production of full-fashioned stockings of the higher grades, it is important that those portions which are exposed to view when worn, be of fine material and light texture, but as these portions are not wear-resistant, it is essential that the parts subject to wear be of heavier material. This is particularly true of the soles and the portions which enclose the toes, for these portions are interposed between and rubbed against by the foot and shoe. Heretofore it has been found essential to make the heavier front end or cap of sufficient length to substantially enclose the toes, producing a broad straight line of juncture between the lighter top and said cap across the top of the stocking foot. When low slippers are worn this line of juncture with a portion of the heavier toe-enclosing cap is thus visible producing an exceedingly objectionable appearance. One of the objects of the present invention is to provide a stocking structure in which the toe-enclosing cap can be made relatively short, so that it will be hidden beneath the tip of a low slipper, at the same time sufficient of the heavier-wearing material being provided to properly enclose the toes at the points where wear takes place, and at the same time affording proper reenforcement between the heavier sole and toe cap that will relieve the lighter knitted fabric of undue wear and strain."

In the appellant's disclosure the upper lighter portion of the stocking, and also the

heavier sole and toe tip or cap, are made of materials commonly used for the purpose. The toe tip or cap is narrow so that it will be concealed beneath the toe of a low slipper or pump. In order to provide re-enforcements between the sole and upper portions of the toe cap, a given angle is filled in by heavier material of generally triangular form, or viewed in another light the short toe-encasing cap has portions adjacent to the sole extended rearwardly. The heavier and lighter portions are knitted together, and the lighter material can be carried well toward the end of the foot so that the heavier wearing portions will be concealed, while the toes will be properly covered and the stocking effectively re-enforced. Appellant claims that this stocking discloses three associated features: (1) A full-fashioned stocking with a continuous lighter top portion for the foot that extends substantially to the toes of the wearer and is without cross seam; (2) rearwardly extending re-enforcements of the heavier toe cap at a point to constitute pockets for the outer toes behind and below the front end of the lighter top portion; and (3) narrowing fingers in the sides of the heavier toe portions, so located that the lighter top portion extends forwardly beyond and above the rear ends of the narrowing fingers.

It was held by the Commissioner that the essentials of appellant's stocking are disclosed in the Smith patent, supra; and it is clearly shown in his decision that both Smith and the appellant solved the problem in substantially the same manner. This is so fully set out in the Commissioner's decision as to make further elaboration useless. The patent to Gee, supra, is of the full-fashioned type and shows the same narrowing fingers or toe gussets as appellant's structure. We are convinced by our examination of the record that appellant's construction was anticipated by the references, and accordingly that he was rightfully refused a patent.

The decision of the Commissioner of Patents is affirmed.